IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID RENTZ, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *   CIVIL ACTION NO. 26-00005-KD-B |
| | * |
| TRISTEN HART, *et al.*, | * |
| | * |
|     Defendants. | * |

**ORDER**

This action is before the Court on review. Federal Rule of Civil Procedure 7.1(a)(2) requires all parties in an alleged diversity action such as this one, including individuals, to file a disclosure statement that "name[s]—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2); see Villamil v. Fayrustin, 730 F. Supp. 3d 328, 341-42 (W.D. Tex. 2024) (requiring individual defendants to file disclosure statements identifying their own citizenship); Jeffries v. Penn-Star Ins. Co., 2024 U.S. Dist. LEXIS 169744, at *3, 2024 WL 4215747, at *1 (S.D. Ill. Aug. 13, 2024) ("Effective December 1, 2022, all parties (even individuals) must file a Disclosure Statement pursuant to Federal Rule of Civil Procedure 7.1(a)(2)."). Consistent with this requirement, this Court's standard disclosure statement form directs a party in a diversity action to "name and identify the

citizenship of every individual or entity whose citizenship is attributed to the filing party." A party must "file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court." Fed. R. Civ. P. 7.1(b)(1).

The docket reflects that Defendants Tristen Hart and EDKO, LLC filed a notice of removal on January 9, 2026, but Defendants have not filed their disclosure statements as required by Federal Rule of Civil Procedure 7.1. Accordingly, Defendants are **ORDERED** to file their respective disclosure statements on or before **January 16, 2026,** using this Court's standard disclosure statement form, which can be found on the Court's external website.[1]

The disclosure statements must name and identify the citizenship of every individual or entity whose citizenship is attributed to the filing party. For an individual, citizenship is determined by the person's domicile, which is established by residence plus an intent to remain. See Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013). To identify the citizenship of a limited liability company, a party must list the names and citizenships of all members of the LLC. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). And, where a member of the

---

[1] https://www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf

LLC is also a limited liability company or unincorporated entity, its members must also be identified continuing on through however many layers of partners or members there may be.  See <u>Purchasing Power, LLC v. Bluestem Brands, Inc.</u>, 851 F.3d 1218, 1220 (11th Cir. 2017).

**ORDERED** this **13th** day of **January, 2026.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**